54 F.3d 788
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William H. SNAVELY, III, Petitioner--Appellant,
v.
Robert D. HANNIGAN, Carl Cushinberry, Attorney General of
Kansas, Respondents-Appellees.
 No. 94-3227.
 United States Court of Appeals, Tenth Circuit.
 May 12, 1995.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court denying pro se petitioner's petition for writ of mandamus seeking to bar destruction of personal property seized by prison officials as contraband and further seeking to direct officials to return the typewriter ribbons to petitioner. Petitioner appeals on the grounds that the district court erred in refusing relief for actions of the prison officials that petitioner claims deprived him of adequate legal supplies to pursue his legal remedies. We affirm.
 
 
 3
 Whether the pro se petition in this case is construed as the district court construed it as a petition for writ of mandamus or construed as a civil rights complaint against the prison officials, petitioner is entitled to no relief. Where the typewriter ribbons involved were defined by prison officials as contraband, the prison officials were exercising a discretionary regulatory duty. Mandamus relief is unavailable under these circumstances. If the petition is construed as a civil rights complaint against prison officials, petitioner has failed to establish any violation of any constitutional right in the deprivation of the typewriter ribbons. We agree with the district court that this appeal is frivolous and that there has been no substantial showing of the denial of an important federal right. Barefoot v. Estelle, 463 U.S. 880 (1983). We therefore affirm the order of the district court denying a petition construed as a petition for mandamus and find further that no cause of action has been stated for violation of constitutional rights.
 
 
 4
 Petitioner is GRANTED in forma pauperis status, but DENIED the certificate of probable cause. AFFIRMED.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470